WALTER B. PRUGH, APPELLANT, V. MARY P. SEARCY ET AL., APPELLEES.

FILED OCTOBER 30, 1914. No. 17,757.

Adverse Possession: SUFFICIENCY OF EVIDENCE. The evidence, indicated in the opinion, is found to be sufficient to establish the defense of open, exclusive and adverse possession for more than ten years prior to the commencement of the action.

APPEAL from the district court for Deuel county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Hoagland & Hoagland, James T. Keefe* and *Leavitt & Hotz,* for appellant.

*Wilcox & Halligan, contra.*

SEDGWICK, J.

In May, 1894, the Union Pacific Railway Company conveyed the quarter section of land in controversy in this case to one John Long. There is no evidence that Mr. Long ever took actual possession of the land, or that he ever paid any taxes thereon after he received his deed. In

September, 1910, Long conveyed the land to one Jankee, and a few days later Jankee conveyed it to this plaintiff. The plaintiff began this action on the 20th day of March, 1911, to quiet his title and cancel an alleged tax deed. The trial court found in favor of defendants, and plaintiff has appealed.

In January, 1894, Albert B. Persinger purchased this land at sheriff's sale upon foreclosure of tax liens in behalf of Deuel county. This is the same foreclosure involved in *Armstrong v. Johnson*, p. 119, *post*. Afterwards Mr. Persinger conveyed the land to the defendant Mary P. Searcy, his daughter. The defendant Mary P. Searcy insists that she has valid title to the land through the said sheriff's deed, and also that she and her grantor have had exclusive, adverse possession of the land for more than ten years prior to the commencement of this action. In this case the defense of adverse possession is clearly proved. Mr. Persinger testified that when he purchased this land, in January, 1894, he was the owner of the quarter section of land lying immediately south thereof and the quarter section of land immediately east thereof, and held the section north under a lease from the state, so that this land was surrounded on three sides by the plaintiff's lands. He also testified that at the time he purchased it there was a fence on two sides of this land, enclosing the school section north and the three quarter sections above stated, including the quarter section in controversy, and that immediately after he purchased this quarter section, in January or February, he built another fence, so that these lands were all enclosed on three sides, and that he kept his cattle and horses, a large herd, upon these lands, and that he employed a herder continually to prevent them from escaping on the unenclosed side. He was asked if there was no land in this enclosure that he did not own, and answered, "There was very little I did not own or lease," and explained that there was one tract for which he had no deed or lease, but had the written consent for its use of the owner, who was a nonresident, so that it appears beyond question that he had for

more than ten years prior to this action continuous, open, exclusive and adverse possession of this land.

The judgment of the district court is therefore right, and is

AFFIRMED.

ROSE, J., not sitting.

Adverse Possession: SUFFICIENCY OF EVIDENCE. The evidence, indicated in the opinion, is found to be sufficient to establish the defense of open, exclusive and adverse possession for more than ten years prior to the commencement of the action.

*Hoagland & Hoagland, James T. Keefe* and *Leavitt & Hotz,* for appellant.

*Wilcox & Halligan, contra.*